UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

——————

BENJAMIN JEFFREY BERNER,

                        Plaintiff,                        Case No. 1:11-cv-1373

v.                                              Honorable Gordon J. Quist

ASHLEY HILL et al.,

                        Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Plaintiff has paid the entire civil action filing fee. Under the Prison Litigation Reform Act, PUB. L.

NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought

under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can

be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519,

520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly

incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's

action will be dismissed for failure to state a claim.

## Factual Allegations

        Plaintiff Benjamin Jeffrey Berner presently is incarcerated at the Chippewa

Correctional Facility, where he is serving a sentence of four years and three months to fifteen years

after he pleaded guilty to third-degree criminal sexual conduct (CSC III) involving a person between

13 and 15 years of age, MICH. COMP. LAWS § 750.520d(1)(a). Plaintiff sues Ashley Hill and Julie Gibson.

Although Plaintiff's allegations consist largely of conclusory legal statements, it appears that Defendant Hill was the complaining witness in the criminal case in which Plaintiff pleaded guilty. It also appears that Defendant Gibson was the police officer who initially arrested Plaintiff.[1] Plaintiff complains that, on January 24, 2011, Defendant Hill wrongly accused Plaintiff of having given her herpes. Plaintiff alleges that Defendant Gibson was responsible for taking Plaintiff to the Vicksburg Police Station and wrongly advising Officer Stanfill that Plaintiff had tested positive for herpes. Plaintiff attaches a lab report showing that, on May 18, 2011, he tested negative for both gonorrhea and chlamydia. (Compl., Attach. A, Page ID#9.)

Plaintiff contends that Defendants' actions deprived him of his rights under the Fourth, Eighth and Fourteenth Amendments. He also alleges that he was falsely arrested as the result of Defendants' lies. For relief, he seeks compensatory and punitive damages, together with a declaratory and injunctive relief barring future such illegal conduct.

### Discussion

I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

---

[1] Plaintiff implies that Gibson is a police officer or other government official by alleging that she was inadequately supervised by the municipality. (Compl. ¶19, docket #1, Page ID#4.) The Court's conclusion that Gibson is a police officer also is drawn from Plaintiff's claim that "Defendants" falsely arrested him. (*Id.* ¶ 14, Page ID#3.) Inasmuch as Defendant Hill clearly appears from other allegations to be a complaining witness, the only remaining Defendant who could have arrested Plaintiff is Defendant Gibson.

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d

at 814.  There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself."  *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  Plaintiff has not presented any allegations by which Ashley Hill's accusation could be fairly attributed to the State.  Accordingly, he fails to state a § 1983 claim against her.[2]

Moreover, to the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original).  In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 486-87 (footnote omitted).  The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief.  *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).  Plaintiff's allegations clearly call into question the

---

[2]As previously discussed, although it is not entirely clear from the complaint, the Court infers that Defendant Gibson is a police officer and therefore a state actor.  If Defendant Gibson is simply another private citizen, however, she, too, would be entitled to dismissal for failure to state a claim as a private person not subject to suit under § 1983.

validity of his conviction. Therefore, his action is barred under *Heck* unless and until his criminal conviction has been invalidated. A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

Finally, because Plaintiff pleaded guilty to the offense, he has waived any claim respecting alleged violations of his constitutional rights leading up to that plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (respecting the availability of habeas review to challenge antecedent constitutional violations once a guilty plea has been entered).

## II.    State Law

Plaintiff also appears to raise a claim of false arrest under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's challenge to the enforcement of state law therefore fails to state a claim under § 1983. Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over the state-law claim, the Court declines to exercise jurisdiction. The Sixth Circuit routinely has held that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching their merits. *Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993);

- 5 -

*Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)). Plaintiff's state-law claim therefore will be dismissed without prejudice.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: March 6, 2012                     /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE